

```
                                                      FILED
                                                   APR - 9 2008
                UNITED STATES BANKRUPTCY COURT
                                              UNITED STATES BANKRUPTCY COURT
                EASTERN DISTRICT OF CALIFORNIA EASTERN DISTRICT OF CALIFORNIA
                       SACRAMENTO DIVISION
```

In re                         )  No. 07-29814-A-7
                              )
DOROTHY MARIE KIMBALL,        )
                              )
        Debtor.               )
                              )
                              )
_____)

**MEMORANDUM**

The debtor has filed an ex parte motion to reopen her chapter 7 case for the purpose of amending her schedules to list a previously omitted unsecured creditor to the schedules.

The petition was filed on November 16, 2007. The notice of the meeting of creditors informed the creditors whether this was a "no-asset" case. Accordingly, creditors were instructed to not file proofs of claim.

The trustee ultimately filed a report of "no distribution," meaning that he had located no nonexempt assets that could be liquidated for the benefit of creditors and accordingly no dividend would be paid to creditors. The trustee's report was approved without objection.

Thus, this case was a "no-asset, no-bar-date-case." Creditors holding claims otherwise dischargeable by the debtor had their claims discharged even though their claims were not scheduled and even though the omitted creditor had no notice of the case. 11 U.S.C. § 727(b); <u>Beezley v. California Land Title</u>

Co. (In re Beezley), 994 F.2d 1433 (9th Cir. 1993); White v. Nielsen (In re Nielsen), 383 F.3d 922, 925 (9th Cir. 2004). It is not necessary to reopen the case and amend the schedules in order to discharge the claims of the omitted creditor.

If the omitted creditor's claim could have been excepted from discharge by 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6), the debtor's failure to schedule the claim when the petition was filed meant that the omitted creditor did not receive notice of the deadline for filing a complaint. See 11 U.S.C. § 523(c); Fed. R. Bankr. P. 4007(b). Therefore, unless the omitted creditor had actual knowledge that the petition had been filed in time to file a timely dischargeability complaint, the failure to initially schedule the claim may mean it is nondischargeable. 11 U.S.C. § 523(a)(3)(B). Amending the schedules, however, will have no impact on the issue.

In short, merely reopening the case to permit the amendment of the schedules will have no effect whatever. The debtor does not need to do amend the schedules -- if the claim of the omitted creditor was otherwise dischargeable by a chapter 7 discharge, it was discharged even though the creditor and its claim was omitted from the schedules.

If the omitted creditor of the debtor wants a declaration that the claim is or is not made nondischargeable by section 523(a)(3)(B), one of them must file an adversary proceeding. See In re Costa, 172 B.R. 954 (Bankr. E.D. Cal. 1994).

In connection with the resolution of any such adversary proceeding, two questions must be determined. Did the omitted creditor have actual notice of the bankruptcy filing in

Case 07-29814    Filed 04/09/08    Doc 22

sufficient time to file a timely dischargeability complaint?  See Fed.R.Bankr.P. 4007(c).  And, if there was no actual notice of the petition, is its claim nondischargeable under 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6)?[1]  If the omitted creditor had actual notice, or if its claim is not excepted from discharge by 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6), the court will declare that the omitted claim was discharged.

However, whichever declaration is appropriate, it can be given only in an adversary proceeding.

Therefore, the court will permit this case to be reopened, but the court will not issue an unequivocal declaration that the omitted claim was discharged in bankruptcy.  Because this was a "no-asset, no bar date" case, the unscheduled claim of the omitted creditor was discharged unless it is made nondischargeable under sections 523(a)(3)(B).  To obtain a declaration that an omitted claim is not made nondischargeable by section 523(a)(3)(B), the debtor (or the omitted creditor) must file, serve, and prevail in an adversary proceeding.

Dated: 9 April 2008

By the Court

Michael S. McManus, Chief Judge
United States Bankruptcy Court

---

[1] If the omitted creditor is claiming the debts are non-dischargeable under 11 U.S.C. § 523(a)(1), (5), (7)-(15), (16), (17), the creditors cannot be prejudiced by the omission of their claim in a "no asset" case.  Unlike section 523(a)(2),(4) or (6), there is no deadline for the filing of such dischargeability complaints and nonbankruptcy courts may determine whether the debts fall into the exceptions enumerated in section 523(a)(1), (5), (7)-(15), (16), (17).  11 U.S.C. § 523(c)(1); Fed.R.Bankr.P. 4007(c).

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

see attached

DATED: 4/10/08         By: _____
                           Deputy Clerk

EDC 3-070 (New 4/21/00)

Chinonye Ugorji  
25 Cadillac Dr #120  
Sacramento, CA 95825

Dorothy Kimbell  
2751 W River Dr #824  
Sacramento, CA 95833