FILED

APR - 9 2008

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

1

2      UNITED STATES BANKRUPTCY COURT

3      EASTERN DISTRICT OF CALIFORNIA

4           SACRAMENTO DIVISION

5

6    In re                      )   No. 07-29814-A-7
                                )
7    DOROTHY MARIE KIMBALL,      )
                                )
8            Debtor.            )
                                )
9                                )
                                )
10   _____)

11                      **MEMORANDUM**

12        The debtor has filed an ex parte motion to reopen her

13   chapter 7 case for the purpose of amending her schedules to list

14   a previously omitted unsecured creditor to the schedules.

15        The petition was filed on November 16, 2007.  The notice of

16   the meeting of creditors informed the creditors whether this was

17   a "no-asset" case.  Accordingly, creditors were instructed to not

18   file proofs of claim.

19        The trustee ultimately filed a report of "no distribution,"

20   meaning that he had located no nonexempt assets that could be

21   liquidated for the benefit of creditors and accordingly no

22   dividend would be paid to creditors.  The trustee's report was

23   approved without objection.

24        Thus, this case was a "no-asset, no-bar-date-case."

25   Creditors holding claims otherwise dischargeable by the debtor

26   had their claims discharged even though their claims were not

27   scheduled and even though the omitted creditor had no notice of

28   the case.  11 U.S.C. § 727(b); Beezley v. California Land Title

1  Co. (In re Beezley), 994 F.2d 1433 (9th Cir. 1993); White v.

2  Nielsen (In re Nielsen), 383 F.3d 922, 925 (9th Cir. 2004).  It

3  is not necessary to reopen the case and amend the schedules in

4  order to discharge the claims of the omitted creditor.

5      If the omitted creditor's claim could have been excepted

6  from discharge by 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6), the

7  debtor's failure to schedule the claim when the petition was

8  filed meant that the omitted creditor did not receive notice of

9  the deadline for filing a complaint.  See 11 U.S.C. § 523(c);

10 Fed. R. Bankr. P. 4007(b).  Therefore, unless the omitted

11 creditor had actual knowledge that the petition had been filed in

12 time to file a timely dischargeability complaint, the failure to

13 initially schedule the claim may mean it is nondischargeable.  11

14 U.S.C. § 523(a)(3)(B).  Amending the schedules, however, will

15 have no impact on the issue.

16     In short, merely reopening the case to permit the amendment

17 of the schedules will have no effect whatever.  The debtor does

18 not need to do amend the schedules -- if the claim of the omitted

19 creditor was otherwise dischargeable by a chapter 7 discharge, it

20 was discharged even though the creditor and its claim was omitted

21 from the schedules.

22     If the omitted creditor of the debtor wants a declaration

23 that the claim is or is not made nondischargeable by section

24 523(a)(3)(B), one of them must file an adversary proceeding.  See

25 In re Costa, 172 B.R. 954 (Bankr. E.D. Cal. 1994).

26     In connection with the resolution of any such adversary

27 proceeding, two questions must be determined.  Did the omitted

28 creditor have actual notice of the bankruptcy filing in

-2-

1   sufficient time to file a timely dischargeability complaint?  <u>See</u>

2   Fed.R.Bankr.P. 4007(c).  And, if there was no actual notice of

3   the petition, is its claim nondischargeable under 11 U.S.C. §

4   523(a)(2), (a)(4), or (a)(6)?[1]  If the omitted creditor had

5   actual notice, or if its claim is not excepted from discharge by

6   11 U.S.C. § 523(a)(2), (a)(4), or (a)(6), the court will declare

7   that the omitted claim was discharged.

8      However, whichever declaration is appropriate, it can be

9   given only in an adversary proceeding.

10      Therefore, the court will permit this case to be reopened,

11   but the court will not issue an unequivocal declaration that the

12   omitted claim was discharged in bankruptcy.  Because this was a

13   "no-asset, no bar date" case, the unscheduled claim of the

14   omitted creditor was discharged unless it is made

15   nondischargeable under sections 523(a)(3)(B).  To obtain a

16   declaration that an omitted claim is not made nondischargeable by

17   section 523(a)(3)(B), the debtor (or the omitted creditor) must

18   file, serve, and prevail in an adversary proceeding.

19   Dated: 9 April 2008         By the Court

20

21

22                          Michael S. McManus, Chief Judge

                           United States Bankruptcy Court

23

24     [1]  If the omitted creditor is claiming the debts are non-
dischargeable under 11 U.S.C. § 523(a)(1), (5), (7)-(15), (16),

25   (17), the creditors cannot be prejudiced by the omission of their
claim in a "no asset" case.  Unlike section 523(a)(2),(4) or (6),

26   there is no deadline for the filing of such dischargeability
complaints and nonbankruptcy courts may determine whether the

27   debts fall into the exceptions enumerated in section 523(a)(1),
(5), (7)-(15), (16), (17).  11 U.S.C. § 523(c)(1); Fed.R.Bankr.P.

28   4007(c).

-3-

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United
States Bankruptcy Court for the Eastern District of California
hereby certifies that a copy of the document to which this
certificate is attached was mailed today to the following
entities listed at the address shown on the attached list or
shown below.

see attached

DATED: 4|10|08                    By: _____
                                        Deputy Clerk

EDC 3-070 (New 4/21/00)

Chinonye Ugorji
25 Cadillac Dr #120
Sacramento, CA 95825

Dorothy Kimbell
2751 W River Dr #824
Sacramento, CA 95833